KAMALA D. HARRIS
Attorney General of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
ALANA BUTLER
Deputy Attorney General
RONALD A. JAKOB
Deputy Attorney General
State Bar No. 131763
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone:  (619) 645-2332
 Fax:  (619) 645-2191
 E-mail:  Ronald.Jakob@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEO CHAVEZ,** | EDCV 04-464-GHK (CW) |
| Petitioner, | **RESPONDENT'S POST-EVIDENTIARY HEARING REPLY BRIEF** |
| v. | |
| **TIMOTHY E. BUSBY, Acting Warden,** | Judge    The Honorable Carla M. Woehrle U.S. Magistrate Judge |
| Respondent. | |

Pursuant to this Court's Order of March 16, 2011, Respondent respectfully submits this Post-Evidentiary Hearing Reply Brief addressing Petitioner's claim of actual innocence.  As discussed below as well as the previous pleadings filed by Respondent, Petitioner is not entitled to habeas relief, and the Second Amended Petition should be denied and dismissed with prejudice.

1

In Respondent's Post-Evidentiary Hearing Brief (Doc. No. 86) filed with this Court on April 21, 2011, Respondent discussed how the California Supreme Court's denial of Petitioner's actual innocence claim was not contrary to or an unreasonable application of United States Supreme Court precedent based on the highly suspect declaration of Gloria Cota, and that this Court's habeas determination was limited to review of the record and sole exhibit before the state courts in light of the recent decision in *Cullen v. Pinholster,* __ U.S. __, __ S. Ct. __, __ L. Ed. 2d __ (2011 WL 1225705) (April 4, 2011).  Respondent further discussed how, notwithstanding the limits placed on this Court by *Pinholster*, this Court can nonetheless be satisfied that Petitioner' actual innocence claim is meritless based on the incredulous testimony presented by Petitioner's witnesses at the evidentiary hearing.  (Resp. PEH Brf. at 8-11.)

In Petitioner's Post-Evidentiary Hearing Brief (Doc. No. 87) filed with this Court on April 22, 2011, Petitioner first argues his actual innocence claim is not procedurally defaulted.  (Pet. PEH Brf. at 9.)  However, Respondent has not alleged the claim was procedurally defaulted.

Petitioner next criticizes the state courts' denial of his claim as being based on "inexplicable findings," arguing the denial of his claim was an unreasonable determination of the facts within the meaning of U.S.C. § 2254(d).  (Pet. PEH Brf. at 9-12.)  Petitioner is wrong.

Petitioner bases his argument on the fact that Ms. Cota was the only one to identify him in the robbery and there was no physical evidence connecting him to the robbery.  (Pet. PEH Brf. at 11.)  However, Petitioner ignores the overwhelming evidence of gang-related motive and consciousness of guilt evidence presented at trial.  This evidence was noted by the state court.  (Attach. D of Amended Pet. at 2.)

Petitioner also argues the San Bernardino County Superior Court was unreasonable in finding Ms. Cota's declaration was neither material or probative on guilt.  (Pet. PEH Brf. at 11-12.)  However, as discussed in Respondent's Post-

1  Evidentiary Hearing Brief, Ms. Cota's *unsworn* and grossly belated declaration as
2  presented to the state courts as the sole documentation of Petitioner's claim was
3  highly suspect.  (Resp. PEH Brf. at 9-10.)  Indeed, the state court noted that it was
4  not required to take Ms. Cota's declaration at face value.  (See Att. D. to Amended
5  Pet. at 2.)
6     Petitioner further attacks the Superior Court's reasoning that Ms. Cota
7  recognized Petitioner from the Colton area and its citation to Petitioner's
8  threatening phone calls.  (PEH Brf. at 12.)  However, that reasoning was fully
9  supported by the trial record.
10    Lastly, Petitioner criticizes the Superior Court for stating that a member of the
11 District Attorney's Investigation staff and two police officers identified Petitioner.
12 (PEH Brf. at 12.)  However, Petitioner fails to consider the quote of the state court
13 which he attacks in proper context.  The state court stated, "At bench, identifying
14 the Petitioner as a participant in the home invasion robbery were the two peace
15 officers as well as a member of the District Attorney's Bureau of Investigation."
16 However, the court made this comment following its discussion of the expert
17 testimony tying Petitioner to the robbery through motive and consciousness of guilt,
18 evidence independent of Cota's identification.  (See Att. D. to Amended Pet. at 2.)
19 Thus, although inartfully worded, a fair reading of the state court's opinion shows it
20 was well aware that only Cota *personally* identified Petitioner.
21    Despite the fact that he obviously disagrees with the state court's findings, he
22 cannot show those findings were unreasonable.  Accordingly, the state courts'
23 denial of Petitioner's actual innocence claim was not an unreasonable determination
24 of the facts in light of the evidence presented to them.
25    Petitioner next argues Gloria Cota's testimony at the evidentiary hearing
26 *proved* he was in fact innocent of the December 30, 2001, home invasion robbery.
27 (Pet. PEH Brf. at 12-19.)  Yet, Petitioner's entire argument takes all of Gloria
28 Cota's testimony at face-value without any consideration whatsoever of the

3

substantial evidence impeaching that testimony. As discussed by Respondent, Ms. Cota's recall was suspiciously selective and her testimony at the hearing was noncommittal and even nonsensical at times. (Resp. PEH Brf. at 12-13.) Moreover, Ms. Cota's claim of misidentification was thoroughly undermined by the fact that she knew Petitioner since childhood and identified him immediately after the robbery to the 9-1-1 operator. (Resp. PEH Brf. at 12-13.)

Ms. Cota's credibility at the hearing was further compromised by the material inconsistencies with her sister's testimony and her outright hostility to Respondent's investigator despite her claims of wanting to get the truth out. (Resp. PEH Brief at 13.) Petitioner fails to address this mountain of impeaching evidence. (See Pet. PEH Brf. at 12-19.)

Petitioner also conspicuously ignores the testimony from Respondent's witnesses who impeached Ms. Cota as well as additional evidence impeaching Petitioner's other witnesses. (Compare Pet. PEH Brf. at 12-19 with Resp. PEH Brf. at 12-14.) Thus, as stated in Respondent's Brief, the California Supreme Court's rejection of Petitioner's actual innocence claim was not only a reasonable application of (and not contrary to) United States Supreme Court precedent but also correct. (Resp. Brf. at 11, 14.) It was also a reasonable determination of the facts.

Lastly, in his Post-Evidentiary Brief, Petitioner argues Ms. Cota's testimony was newly discovered evidence which was not cumulative. (Pet. PEH Brf. at 19-20.) Respondent discussed why Petitioner is mistaken in this regard. (Resp. PEH Brf. at 9-10.)

In sum, the state courts' denial of Petitioner's actual innocence claim was neither an unreasonable determination of the facts in light of the evidence presented to the state courts, nor contrary to or an unreasonable application of clearly established Supreme Court precedent. Accordingly, habeas relief for Petitioner's claim is unwarranted.

## CONCLUSION

For the reasons stated herein as well as those stated within the Return, Supplemental Respondent's Brief, Supplemental Answer and Respondent's Post-Evidentiary Briefing previously filed with this Court, Respondent respectfully requests that this Court deny all of Petitioner's claims and dismiss the Second Amended Petition in its entirety with prejudice, and that no Certificate of Probable Cause issue from the denial.

Dated: May 5, 2011

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
ALANA BUTLER
Deputy Attorney General

/s/ Ronald A. Jakob
RONALD A. JAKOB
Deputy Attorney General
*Attorneys for Respondent*

RAJ/lh
SD2004FH0116
70465741.doc

## CERTIFICATE OF SERVICE

Case Name:  Leo Chavez v. Timothy E. Busby, Acting Warden    No.  EDCV 04-464-GHK (CW)

I hereby certify that on <u>May 5, 2011</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### RESPONDENT'S POST-EVIDENTIARY HEARING REPLY BRIEF

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>May 5, 2011</u>, at San Diego, California.

L. Hernández
Declarant

S. Hernández
Signature

70461758.doc